IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FIRST CITIZENS BANK & TRUST COMPANY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**COOPER'S TOWING AND RECOVERY, INC.,**<br><br>**Defendant.** | **Case No. 25-CV-02029-SPM** |

# MEMORANDUM AND ORDER

Before this Court is a Motion for Default Judgment filed by Plaintiff First Citizens Bank & Trust Company against Defendant Cooper's Towing and Recovery, LLC. (Doc. 14). Having fully considered the issues presented, Plaintiff's Motion for Default Judgment (Doc. 14) is **GRANTED in part**. Final Judgment is hereby **ENTERED**.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the instant breach of contract, replevin, and detinue action seeking $158,845.37 in damages, prejudgment interest, attorney's fees, costs, and the equipment that was the subject of the contract (a tow truck). (Doc. 1). The fair market value of the equipment is approximately $77,183. (*Id.*, ¶ 29).

Defendant was served the Complaint on December 10, 2025. (Doc. 11). Defendant, however, never answered the Complaint, and on January 21, 2026, the Clerk of Court entered Default on an order of the Court. (Docs. 12–13). On January 29, 2026, Plaintiff moved for entry of default judgment. (Doc. 14).

## APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 55 covers the entry of default judgment, which has two stages. *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, the district court may enter judgment on default pursuant to Rule 55(b)(2). *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) (citing Rule 55(b)(2)). "When a court enters a default judgment as to liability, it must accept as true all factual allegations in the complaint, except those regarding the amount of damages." *Id.* (citing FED. R. CIV. P. 8(b)(6); *Quincy Bioscience, LLC v. Ellishbooks*, 957 F.3d 725, 725 (7th Cir. 2020) (affirming entry of default judgment)). "Judgment by default may not be entered without a hearing on damages unless 'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983)) (citation modified).

## ANALYSIS

### I. Damages.

Plaintiff has provided evidence showing that Defendant failed to make monthly payments as required under contract and have provided damages of a sum

certain. (*See* Doc. 14). It is therefore appropriate for the Court to enter default judgment on damages.

Accordingly, the Court enters default judgment in favor of Plaintiff and against Defendant in the amount of $212,119.42, representing $102,419.28 from the future principle amount due under the contract, $51,032.24 from the past due balance under the contract, $5,393.85 in late fees under the contract, $50,444.52 in prejudgment interest, $2,183.50 in attorney's fees,[1] and $646.03 in costs. (Doc. 14, Ex. A, pp. 4, 16; Ex. B, p. 2). *See Financial Pac. Leasing, Inc. v. Velasquez & Sons III, Inc.*, No. 23-CV-02418, 2023 WL 12167583, at *2 (N.D. Ill. Oct. 12, 2023) (finding that evidentiary hearing unnecessary where contract damages ascertainable from contract and affidavit).

## II. Replevin and Detinue.

Replevin and detinue are two different causes of action that achieve the same result: the plaintiff gets possession of personal property that was in the defendant's possession. *See* 735 ILCS 5/19–101 (1982); *Farm Credit Leasing Servs. Corp. v. Weber*, No. 1:24-CV-01381-SLD-RLH, 2025 WL 2922873, at *3 (C.D. Ill. Sept. 10, 2025) (quoting *Relational Funding Corp. v. Siemens Info. & Commc'ns Networks, Inc.*, No. 1:00-CV-00180, 2000 WL 1222126, at *3 (N.D. Ill. Aug. 23, 2000)). A replevin action allows a plaintiff to recover property pending final judgment, and it requires the Court to hold a hearing. 735 ILCS 5/19–105. A detinue action allows a plaintiff to recover property after judgment enters. *See Peco Pallet, Inc. v. Nw. Pallet Supply Co.*,

[1] The contract allows Plaintiff to recover attorney's fees. (Doc. 14, Ex. A, p. 8).

No. 1:15-CV-06811, 2016 WL 5405107, at *7 (N.D. Ill. Sept. 28, 2016).

"To succeed on a detinue claim, a plaintiff must prove that it is entitled to possession of the detained property and that the defendant is wrongfully in possession of it." *PNC Equip. Fin., LLC v. Flash Limousine, Inc.*, No. 20 C 6773, 2021 WL 3142124, at *3 (N.D. Ill. July 25, 2021). Plaintiff has established that it is entitled to possession of the equipment that was the subject of the contract by establishing that the contract was breached, and that a breach of contract allowed it to "take possession of the Equipment and foreclose [its] security interest therein." Accordingly, the Court enters default judgment in favor of Plaintiff and against Defendant on Plaintiff's detinue claim. Defendant is **ORDERED** to return the equipment at a place and time directed by Plaintiff within fourteen days of service of this Order.

Because the Court enters default judgment on Plaintiff's detinue claim, Plaintiff's replevin claim is moot, as it would afford Plaintiff the same relief—possession of the equipment. *See Farm Credit Leasing Servs. Corp.*, 2025 WL 2922873, at *4.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiff First Citizens Bank & Trust Company has a judgment against Defendant Cooper's Towing and Recovery, LLC in the total amount of $212,119.42 and for detinue of the equipment, a 2022 Ram 5500 (serial number 3C7WRNFL0NG171383) and a Century 2465 Wrecker (serial number 24651J216262), pursuant to the security interest in the

contract. Defendant is **ORDERED** to return the equipment at a place and time directed by Plaintiff within fourteen days of service of this Order.

**IT IS SO ORDERED.**

**DATED: August 18, 2026**



**STEPHEN P. McGLYNN**
**U.S. District Judge**